MDR

1
2
3
4
5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Alfred E. Caraffa, et al.,                    No.    CV-24-00027-TUC-JGZ

10                    Plaintiffs,

11   v.                                             **ORDER**

12   Librarian Nerio, et al.,

13                    Defendants.

14

15          On January 11, 2024, self-represented Plaintiffs Alfred E. Caraffa and Jeremiah

16   Jeffrey Gabriel, who were then confined in the Arizona State Prison Complex (ASPC)-

17   Tucson,[1] filed a civil rights Complaint (Doc. 1)[2] and a Motion for Default

18   Judgment (Doc. 4).  Plaintiff Caraffa also filed an Affidavit to Recusal of Federal

19   Judge (Doc. 3).

20          The Court will sever the parties.  As to Plaintiff Caraffa, the Court will deny the

21   Affidavit to Recusal and will dismiss Plaintiff Caraffa from this action, without prejudice,

22   pursuant to 28 U.S.C. § 1915(g).  As to Plaintiff Gabriel, the Court will direct the Clerk of

23   Court to open a separate action for Defendant Gabriel, dismiss the Complaint without

24   prejudice, and give Plaintiff Gabriel an opportunity to (1) file an amended complaint **and**

25

26          [1]  Plaintiff Caraffa was subsequently moved to ASPC-Eyman.  *See*
27   https://corrections.az.gov/inmate-data-search (search "Number Search" for "350727" and
     click on "Inmate Info" hyperlink) (last visited July 15, 2024).

28          [2] The Clerk of Court inadvertently docketed the Request for Relief and Signature
     page of the Complaint in Document 2.  *See* Doc. 2 at 4.

(2) either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis.  The Court will deny the Motion for Default Judgment.

**I.      Severance of Parties**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20.  However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims.  *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of self-represented multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court.  Plaintiffs are self-represented inmates and although each Plaintiff may appear on his or her own behalf, neither may appear as an attorney for the other.  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his or her own motions and notices related to his or her claims in the action, and each Plaintiff would be required to individually sign any motion or notice filed on behalf of all the Plaintiffs.  However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court.  Accordingly, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence.  Moreover, inmates are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.  Indeed, since the filing of this lawsuit, Plaintiff Caraffa has been transferred to a different facility.

1     With these concerns in mind, the Court concludes that unitary adjudication of

2  Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals

3  of achieving judicial economy and maintaining efficient control of the Court's docket.

4  Allowing each Plaintiff to proceed separately, however, would overcome the unfairness

5  created by these circumstances.  Therefore, the Court will sever the parties in this action.

6     The Court will direct the Clerk of Court to open a new action for Plaintiff Gabriel.

7  For the reasons explained below, the Court will dismiss Plaintiff Caraffa.

8     A copy of the Complaint, Statement of Facts, Motion for Default Judgment, and this

9  Order will be placed in Plaintiff Gabriel's new action.  **The rulings in this Order shall**

10  **apply in Plaintiff Gabriel's new action**.  Plaintiff Gabriel must proceed independently

11  from this point.  All further pleadings, motions, or other papers submitted for filing by

12  Plaintiff Gabriel must be submitted in Plaintiff Gabriel's separate action and must be signed

13  by Plaintiff Gabriel.

14  **II.    Plaintiff Caraffa**

15      **A.    Affidavit to Recusal**

16     Plaintiff Caraffa requests the undersigned recuse herself because Plaintiff Caraffa

17  has purportedly filed a "ju[d]icial misconduct complaint" against the undersigned and is

18  "calling for [an] impeachment trial."

19     The Court has explained the requirements for recusal to Plaintiff Caraffa in

20  numerous orders in other actions.  *See Caraffa v. Simmons*, CV-23-00357-TUC-JGZ (D.

21  Ariz. Oct. 24, 2023); *Caraffa v. Thornell*, CV-23-00312-TUC-JGZ (D. Ariz. Oct. 18,

22  2023); *Caraffa v. Arizona*, CV-21-01530-PHX-MTL (ESW) (D. Ariz. Oct. 5, 2021).  The

23  Court will not waste its judicial resources restating them.

24     Plaintiff Caraffa's Affidavit does not contain facts to support a conclusion that the

25  undersigned has exhibited bias or prejudice that stems from an extrajudicial source.  The

26  undersigned cannot conclude the grounds advanced by Plaintiff Caraffa would cause a

27  reasonable person with knowledge of all the relevant facts to question the undersigned's

28

impartiality.  Thus, the Court, in its discretion, will deny Plaintiff Caraffa's Affidavit to Recusal.  *See* 28 U.S.C. §§ 144, 455.

### B.    Dismissal of Plaintiff Caraffa

Because at least three of Plaintiff Caraffa's prior actions were dismissed for failing to state a claim upon which relief may be granted,[3] Plaintiff Caraffa may not bring a civil action without complete prepayment of the filing and administrative fees unless Plaintiff Caraffa is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  The "imminent danger" exception applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)).

The allegations in Plaintiffs' eight-count Complaint do not plausibly suggest Plaintiff Caraffa is in imminent danger of serious physical injury.[4]  Thus, the Court will dismiss Plaintiff Caraffa from this action, without prejudice, pursuant to § 1915(g).  If Plaintiff Caraffa wants to reassert these claims in the future, Plaintiff Caraffa must pay the filing and administrative fees in full when filing the new action.

### III.   Defendant Gabriel

### A.    Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement (or institutional equivalent) for the

---

[3] *See Caraffa v. Maricopa Cnty. Sheriff's Dep't*, CV-20-00013-PHX-MTL (ESW); *Caraffa v. Maricopa Cnty. Sheriff's Off.*, CV-20-00227-PHX-MTL (ESW); and *Caraffa v. CHS*, CV-20-00256-PHX-MTL (ESW).

[4] Plaintiffs contend prison staff provided "false, misleading information" regarding the addresses of two prisons and provided "the wrong courthouse addresses" (Counts One and Two); the prison grievance policy is "unconstitutional and unlawful and has no federal jurisdiction" (Count Three); Defendants refused to provide a third meal on four weekend days in December 2023 (Counts Four and Five); and Defendants failed to provide a third meal or "brunch" on four days between December 2023 and January 2024  (Counts Six, Seven, and Eight).

six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period.  *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

Plaintiff Gabriel has not paid the $405.00 filing and administrative fees or filed an Application to Proceed In Forma Pauperis.  The Court will give Plaintiff Gabriel 30 days from the filing date of this Order to submit, **in his individual action**, a properly executed and certified Application to Proceed In Forma Pauperis, using the form included with this Order, or pay the $405.00 filing and administrative fees.

The Arizona Department of Corrections, Rehabilitation & Reentry (ADC) has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADC's Central Office.  *Accordingly, Plaintiff Gabriel must obtain the certified copy of his ADC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADC's Central Office*.

### B.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

1    relief may be granted, or that seek monetary relief from a defendant who is immune from

2    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

5    not demand detailed factual allegations, "it demands more than an unadorned, the-

6    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice." *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10    claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11    550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

12    that allows the court to draw the reasonable inference that the defendant is liable for the

13    misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for

14    relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15    experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

16    allegations may be consistent with a constitutional claim, a court must assess whether there

17    are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19    must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*,

20    627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

21    'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.*

22    (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  If the Court determines

23    that a pleading could be cured by the allegation of other facts, a self-represented litigant is

24    entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez*

25    *v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

26        Because the Complaint was originally filed as a multi-plaintiff Complaint, the Court

27    will dismiss the Complaint and will permit Plaintiff Gabriel to file an amended complaint

28

that provides specific facts regarding how he was *personally* injured by the alleged constitutional violations and omits facts regarding Plaintiff Caraffa.

### C.    Leave to Amend

Within 30 days, Plaintiff Gabriel may submit a first amended complaint that provides specific facts regarding how he was personally injured by the alleged constitutional violations and omits facts regarding Plaintiff Caraffa.  The Clerk of Court will mail Plaintiff Gabriel a court-approved form to use for filing a first amended complaint.  If Plaintiff Gabriel fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff Gabriel.

Plaintiff Gabriel must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff Gabriel may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff Gabriel files an amended complaint, Plaintiff Gabriel must write short, plain statements telling the Court: (1) the constitutional right Plaintiff Gabriel believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff Gabriel's constitutional right; and (5) what specific injury Plaintiff Gabriel suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

Plaintiff Gabriel must repeat this process for each person he names as a Defendant. If Plaintiff Gabriel fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff Gabriel, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

### D. Warnings

#### 1. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### 2. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

### IV. Motion for Default Judgment

Before a *default judgment* may be entered, the Clerk of Court must first enter *default*. *See VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."). In addition, default would be premature because defendants are not required to answer a prisoner's § 1983 complaint until the Court has completed the screening process and has required defendants to file an answer. *See* 42 U.S.C. § 1997e(g). Thus, the Court will deny the Motion for Default Judgment.

**IT IS ORDERED:**

    (1)    Plaintiff Caraffa's Affidavit to Recusal (Doc. 3) is **denied**.

    (2)    Plaintiffs' Motion for Default Judgment (Doc. 4) is **denied**.

(3)     This case is **severed**.  The Clerk of Court **must assign** a new case number for Plaintiff Gabriel.

(4)     **Plaintiff Caraffa:**     Plaintiff Caraffa's claims are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, Plaintiff must pay the filing and administrative fees in full when filing the new action.

(5)     **Defendant Gabriel:**

      (a)     Plaintiff Gabriel must proceed **independently** from this point forward.  All further pleadings, motions or other papers submitted for filing by Plaintiff must be signed by Plaintiff, or they will be stricken.

      (b)     The Clerk of Court **must file** a copy of the Complaint (Doc. 1), the Statement of Facts (Doc. 2), and Motion for Default Judgment (Doc. 4) in Plaintiff Gabriel's new action.  **The rulings in this Order shall apply in Plaintiff's new action**.

      (c)     Within **30 days** of the date this Order is filed, Plaintiff Gabriel, **in his individual action, not this action**, must either pay the $350.00 filing fee and $55.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

      (d)     If Plaintiff Gabriel fails to either pay the $350.00 filing fee and $55.00 administrative fee or file a complete Application to Proceed In Forma Pauperis in his individual action within 30 days, the Clerk of Court must enter a judgment of dismissal of Plaintiff's action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

      (e)     The Complaint (Doc. 1) is **dismissed** without prejudice.

      (f)     Plaintiff Gabriel, **in his individual action, not this action**, has **30 days** from the date this Order is filed to file a first amended complaint

in compliance with this Order.  If Plaintiff fails to file an amended complaint in his individual case within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of Plaintiff Gabriel's action without prejudice and deny any pending unrelated motions as moot.

(6)     The Clerk of Court **must close** this action (CV 24-00027-TUC-JGZ) and **enter judgment** accordingly.

(7)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

(8)     The Clerk of Court must update the docket to reflect that Plaintiff Caraffa is currently confined in the Arizona State Prison Complex-Eyman's Browning Unit.  The Clerk of Court must send Plaintiff Caraffa a copy of this Order at that address.

(9)     The Clerk of Court must mail Plaintiff Gabriel a court-approved form for filing a civil rights complaint by a prisoner **and** a court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

Dated this 17th day of July, 2024.

Jennifer G. Zipps
United States District Judge

- 10 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                       U.S. District Court Clerk
U.S. Courthouse, Suite 130                 U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona   85003-2119             Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:   _____
> Address:_____
>            Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
(Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
(Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: as: _____ at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                           _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                           _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies:**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
b.  Did you submit a request for administrative relief on Count I?  ☐ Yes  ☐ No
c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail                ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property            ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?              ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?               ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                           DATE                                                   SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)




_____
(Signature of attorney, if any)




_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $55.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $405.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $405.00 filing and administrative fees, you can file the action without prepaying the fees. However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $55.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis. This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance. For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from <u>each</u> institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

    I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

    In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
    ☐Yes    ☐No    If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?    ☐Yes    ☐No    If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?    ☐Yes    ☐No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?    ☐Yes    ☐No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

Revised 12/1/23

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

I declare under penalty of perjury that the above information is true and correct.

_____          _____
              DATE                                          SIGNATURE OF APPLICANT

## ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:

(A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B) the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full.    I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously.    Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____          _____
              DATE                                          SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
       (Printed name of official)

The applicant's trust account balance at this institution is:                 $_____
The applicant's average monthly deposits during the prior six months is:      $_____
The applicant's average monthly balance during the prior six months is:       $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE              AUTHORIZED SIGNATURE              TITLE/ID NUMBER              INSTITUTION

2

Revised 12/1/23